Charles Corey may it please the court your honor. There's the primary issue well there are two big issues in this case. Number one was it reasonable? Was there was there equitable tolling? Another issue that's near and dear to my heart is Raspberry and Raspberry I you this court doesn't have to get to this case and reverse it on the basis that what Christopher Smith had to deal with in his declaration and the court I'm sure is familiar with a very short handwritten declaration that he gave to the district court at the outset of this case saying why he desperately needed a stay and he named a gang and I can tell the court that if you were to call and I asked the court to take judicial notice of this gang if I called the litigation office and Richard Nonovan asked him the litigation coordinator absolutely yeah yeah they're all it's the protective custody game and they do just exactly what Christopher Smith said they pick on undersized people sex offenders mentally retarded I heard another case of mental retardation they pick on him they take their canteen they beat him up they terrorize him and I as I said in my briefs I use the internet there is an enormous amount on the internet about how sex offenders are brutalized in petitions or appeals in the state court except for 25 days of a of a period of time and I've got to talk about these are not rhetorical questions I was able to do it up to a point up to a point it gets different when you go up to the Supreme Court you have to have more copies you try to do more he had help from his parents but part of the part of the point the part of meeting my question is you're arguing that he was essentially disabled from filing in a timely way in federal court and the record suggests that he was in the same circumstances able to timely file usually almost always in the state court I'm trying to initially determine if that's a faculty factually accurate perception for me to have well he actually filed in federal court okay to answer your question he barely made it 45 days before that time that's that's using up a lot of time in state court in federal court but in state court those were no he was late he was very late the thing the California system is a bit bizarre because there are no time limits between and there's not there's not even necessarily a progression I mean you could start in the Supreme Court and then go the Superior Court and then go the Court of Appeal and there are no time limits that are set forth we have cases that say this period of time is reasonable that period of time isn't reasonable but those those time periods are to me related to the circumstances of those cases and we still don't have a bright line rule of what is the time limit between each stage of the proceedings and whether there is a correct way to proceed in the state court I wish the legislature would act here I'm petrified as a 2254 attorney every time I get one of these cases because I never know whether my filings are going to be held timely by the court the state court and so I asked for stay and obey in every single one of my cases in Massachusetts I know you don't have that problem California Judge Wardlaw said it bizarre it is bizarre and it's a tremendous burden and it is confusion it's more than confusion let me ask in your state habeas proceed did you you did did you file say habeas proceeding I didn't have any I didn't get in on sorry but he filed pro se before he went to federal court he filed and he started up the ladder any one of those denied expressly for in time yes not so he had not a single denial for in time not one but he didn't know that and he didn't know he couldn't predict what was going to happen no practitioner much less a pro se can ever predict what a state court is going to do so you make of the fact that no state court denied his habeas on the grounds of untimeliness I think that's very powerful in that it's not right to a federal judge to then say you're untimely even though the state court never found you untimely we're gonna find find you untimely because you're 25 days late from over a 60-day arbitrary limit 60 days that came out of the air I'm sorry if you weren't factual questions it appears that the first petition which may or may not be before us but these are intertwined had did not have any exhausted claims except correct and then the judge offered 60 days to a man and there was a motion to stay denied and then a motion to a man was filed December 30th was set to be on time but did the motion to a man that was filed December 30 include any exhausted claims no because my reading of the record is there were some claims that were exhausted but they weren't in they weren't presented to the federal court so you're faced you know at that point I think with with Ryan and it's not a mixed petition I just wanted to ask factually you get to the point you really want to make can you talk to us about what's wrong with Raspberry and if this court has the discretion how would you know should the Third Circuit decision in hell of a be limited to the facts or pace or is it more expansive Raspberry doesn't mention pace and pace does have an exception right if I'm not wrong it talks about rhymes now they came down in the same volume and but pace came down after and my opponent pointed out very clearly in his reply in his response brief yes there is an exception and it's in pace and that's the exception of confusion well judge to be confused as a practitioner and more so as a pro se when you're going up the ladder so what I'm saying is I don't think you have to overrule Raspberry that's a big thing to ask you to do and I didn't ask counsel our three judge if I could interject a question and comment our three judge panel cannot overrule Raspberry a panel of the court can't overrule another panel so we could distinguish it or have a different path to decision but only an end bank court on the Ninth Circuit can overrule Raspberry as far as the court goes absolutely I have this question to you on confusion when your client made his first federal habeas petition or rather his first request for stay to the federal court did he allege confusion on the state timeline he alleged I didn't notice that you know he didn't use the word he said fear fear and not having my successfully hidden his sex offender status and you can do that in prison you can successfully hide it and he did and you had to continue it your honor my clients don't even want me when I have sex offenders to send the briefs to them they don't want anybody to see those briefs so I don't see the difference between fear of being beaten up and maybe even worse and confusion I think confusion like Judge Wardlaw said is implicit is implicit and in every California case there is confusion and you don't have to say it and a pro se doesn't have to say it he said what was on his mind he couldn't have the transcripts he couldn't he was delayed and I thought I'd get back to this 60 anything that's hanging us up it came from Evans versus Chavis the facts of that case are incredible if you read them it's not a six-month delay it's a three-year delay but it also says that's a presumption so but they presumption and then you have to examine the circumstances between each that's right see whether it's reasonable the Supreme Court in Evans versus Chavis was faced with three years and they whittled it down they gave him credit for not being able to go to the law library it's in the case and they whittled it down to six months and they said sorry we can't cut it down any further than that yes you were jerked around in prison you couldn't go to the law library but they whittled it down to six months and said sorry and we're gonna set arbitrarily 30 to 60 days just you know right out of the air there is nothing else there is no Ninth Circuit case by the way I looked everywhere there is no Ninth Circuit case that says that a delay of this short is gonna put you out of court none none I have to tell you that in the excerpt record you're gonna see where judge the district court judge had all these all these cases district court cases every single one of those cases I challenge anybody to read those cases and say what the district court judge said they said there's three years there's huge amounts of time I'm sorry the research attorney for judge may it please the court good morning I'm Kevin Vienna California Deputy Attorney General for respondent appellee in this matter I'd like to begin by focusing on one question was asked or suggested and that is which district court judgment is the subject of this appeal at least I think that's the question much of the briefing and much of the focus for mr. Corian in this case is his argument that the stay was improperly denied in the first district court case that matter was not appealed not timely appealed and I think that is not an issue that's before this court for this problematic problematic with yes thank you and forgive my weak attempt at humor there so that so the question then is really the appeal in this case is whether the district court properly dismissed the second federal petition is untimely and it's not disputed I think or the key times the key dates are not disputed that is there was a 320 day period of time following finality of the state court judgment during which the statute of limitations ran and then while mr. Smith was exhausting his state court remedies there was a period of 85 days between his between the denial of his petition in the California Court of Appeal in the filing of this petition in the California Supreme Court Council Judge Gould if I could interject the question and try to cut to the chase here if we if we were to say that the 85-day gap was reasonable and so that his California State Supreme Court petition was not untimely then that wouldn't just for argument if we said that then that would mean his federal second habeas petition be timely because you wouldn't count that 85 days right that's correct your honor in that case there would be have been only 320 days that expired on the statute okay so trying to cut to the chase here for me the key issue is is you know what precedent is there on one side or the other that would say whether 85 days can be a reasonable period for that gap is my understanding is the California Supreme Court of course didn't say the basis for its denial right that correct your honor it was a summary denial so they might have denied on the merits or they might have denied as untimely but from our perspective what what precedent is there that bears on whether the 85 days is reasonable isn't there a case that when they're do not when the California Supreme Court is denying your attorney general so I'm asking you this isn't there a case when the California Supreme Court is denying a petition as untimely that it routinely sites yes there is your honor what is that in Ray Robbins or occasionally in Ray Clark and right and that's how we we know that it was denied as untimely yes your honor and that's the that's the information on which we would act but if there's a Robbins denial we would say there's no tolling for any of that period right so but in this case I understand there was no citation to Robbins sir precisely okay and once again I agree that if he if mr. Smith were entitled to 85 days of equitable tolling for the interval between the Court of Appeal a petition and his California Supreme Court petition he is time he would be timely be statutory tolling as opposed to equitable tolling I don't see that I don't see that there's a way for that is statutory tolling yes I agree that is statutory tolling I under Evans versus Chavis or before that Kerry versus Saffold said saying examining the California system of original habeas corpus petitions and accommodating that to section 2244 statute of limitations if a petitioner proceeds with in a reasonable period of time 30 to 60 days between the state court then he's entitled to tolling even though there is technically no petition pending in any state court at that point the I had understood the the petitioners brief to focus a good amount on raspberry in how it was criticized in the Third Circuit decision hell of a which has interpreted pace to provide more suggested how if we were in the Third Circuit would it be permissible if not required but permissible to find that this petition was timely filed under that hell of a case I well perhaps under hell of a but I think not under pace and because what's missing was in in the first federal habeas petition what was missing was a demonstration that Mr. Smith was reasonably confused about time for about the timelines of filing in the state courts and Ryan says that stays are permissible in limited circumstances pace seems to me to be an example of a specific example of Ryan's that is when there's good cause but in limited circumstances and and I think the Third Circuit said in hell of a while confusion was the issue in that case there might be something other than confusion I think what I would say is that there have to be at the minimum confusion but there also have to be some reason perhaps for for starting late that is if your argument is I'm not sure I can get this done in the time remaining in the federal statute of limitations there should also be some examination about whether there was good cause that prevented earlier filing in the state court and then prevented earlier filing the state court and what about the petitioners argument that he was inhibited in his filings delayed in his filings because of fear that he'd be found out to be a sex offender I would I certainly don't think that that is a negligible concern I think however that he that Mr. Smith has failed to show the proper nexus between his fear and and the delay and in particular the 85 day delay between his Court of Appeal petition and the California Supreme Court petition because there was nothing to change he was recycling a petition and he didn't he didn't need any additional materials and he had shown that he managed he'd had the time to get that done by commencing in the state courts. I find it telling that Judge Burns found this issue sufficiently thorny that he issued a COA usually we don't see the district court issuing a COA after they make this kind of a finding we it's usually the Ninth Circuit that will make the COA. My comment on that your honor and it's bad by a district court judge if he thinks the if the issue is worthy of further development and and that might be his concern that is he may have been concerned about whether the denial of the stay was lawful or whether Raspberry should be adjusted I disagree about whether the this court can and should reach that question but I think that is an issue that is worthy of further development and eventually will have to be addressed by this court. Counsel doesn't that issue relate though to the first federal habeas petition dismissal which wasn't appealed so we really can't get at that issue unless we did it indirectly on an issue of whether a mistake on that you know gives grounds for tolling or equitable tolling or something on the second federal habeas petition. I agree completely your honor and what I would say is that it doesn't create a basis for equitable tolling. A mistake in a district court might if a district court misleads some petitioner in a way that prevents him from finally timely eventually timely filing but in this case that if there was a mistake and it's not clear at all that there was in the first one in fact we think they were bound by Raspberry but if they even that that was a mistake that didn't affect what Mr. Smith was doing in the state courts. It simply was a matter of no consequence. And why is it that we shouldn't reach the Raspberry question? Because that is a direct challenge to the to the judgment in the first federal habeas corpus matter your honor. I'm at 18 seconds and I believe I've covered I do have one other point. My adversary suggests that I think he makes two arguments that can't prevail. One is that the confusion in California means that every petitioner is entitled to a stay in every case. That can't be consistent with the limited circumstances in Raspberry. There'd have to be some indication. And the second is his suggestion that that Mr. Smith could never file a habeas corpus petition because he's a sex offender in a California state prison. Well the facts show that that's not true. But the logical extension of his argument is that there is no statute of limitations for California sex offenders. That can't be true. I think it's really clear under Evans that we're supposed to examine the reasonableness of the delay under the circumstances of each case. I agree with that. All right. Thank you. Thank you. Thank you very much. I don't want to use up too much time but something was raised that was just raised in passing and that's very important. I said you could have a minute. Thank you. The appealing. I was on that case by then and if I don't see how I could have appealed a dismissal without prejudice and if I had made a mistake then I'm calling myself as ineffective assistance because I was on the case then when it was dismissed without prejudice. And I don't see how a practitioner appeals a dismissal without prejudice. And if I'm wrong on that my bad. You're right. You couldn't. Okay. So what are we talking about? So so so that first it's really important. That first case is important. You were given leave to amend. Say that again? You were given leave to amend by December 15 and that didn't happen either. Oh he was given an impossible task of exhausting all his state court cases in two months. Impossible. But actually but but actually he could have added his several exhausted claims. Then he would have had a mixed petition. Then he would have been subject I think to a different jurisprudence that would have provided more discretion under Ryan. There were no there were no exhausted claims. I know his his his appellate lawyer blew it big time. Didn't federalize anything. The Supreme the California courts were never apprised of that. But let me say one last thing. Raspberry says may a court may may may is said I don't have discretion. When a judge thinks he has no discretion and and Raspberry says you do may then it has to go back. All right. Thank you very much counsel. Thank you. Smith v. Small is submitted.
judges: Wolf, Wardlaw, Gould